CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 29 2005

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

BERNARD SMITH, )
)  Civil Action No. 7:05CV00120
Petitioner, )
)  **OPINION**
v. )  By: Hon. Glen E. Conrad
)  United States District Judge
UNITED STATES PAROLE )
COMMISSION and B.A. BLEDSOE, )
)
Respondents. )

      Petitioner Bernard Smith, a federal inmate proceeding pro se, brings this action as a petition for habeas corpus relief under 28 U.S.C. § 2241. Smith alleges that the United States Parole Commission's decision to deny him parole was improper, because the Commission double counted the violent nature of his offense as a basis for departing from the applicable parole guidelines. Smith further alleges that there was no factual basis for the Commission's decision to set off his next parole hearing until April 2008, and that his initial parole hearing was unduly delayed. Smith also asserts a claim under the Privacy Act, 5 U.S.C. § 552a. This matter is fully briefed and ripe for consideration. For the following reasons, the court will deny Smith's petition.

I.

      On April 14, 1982, the District of Columbia Superior Court sentenced Smith to a term of eighteen years to life imprisonment for rape, assault with a deadly weapon, and uttering. The D.C. Department of Corrections determined that Smith was eligible for parole on June 20, 1998.

      On April 28, 1998, Smith received his initial parole hearing. The hearing was conducted pursuant to the 1987 guidelines for the D.C. Board of Parole. The guidelines set forth a scoring

system for use in deciding whether to grant or deny parole.[1] See McRae v. Hyman, 667 A.2d 1356, 1359 (D.C. 1995). Smith received a Point Assigned Grid (PAG) score of two. Smith's PAG score included a one-point increase for offense conduct involving violence. Although Smith's PAG score indicated that parole should be granted, the hearing examiner recommended a departure from the guidelines based on Smith's brutalization of the victim. Smith apparently attempted to drown and burn the victim after she had been raped and beaten. The D.C. Board denied him parole and set off his second hearing until June 2003.

Smith was subsequently transferred to the jurisdiction of the Commission pursuant to the National Capital Revitalization and Self-Government Improvement Act of 1997, Pub L. No. 105-33, § 11231(a)(1), 111 Stat. 712, 745. Smith received his second parole hearing on April 8, 2003, and the Commission issued its notice of action on December 15, 2004. Smith's PAG score was reduced by one point due to his outstanding work evaluations and lack of disciplinary infractions. Although Smith's PAG score again indicated that parole should be granted, the Commission chose to depart from the guidelines based on the aggravating circumstances of Smith's offense. Specifically, Smith "used multiple methods to victimize the victim." The Commission denied Smith parole and set off his third parole hearing until April 2008. The Commission's decision was not appealable.

---

[1] The first step in the scoring system involves the determination of an inmate's Salient Factor Score (SFS). McRae v. Hyman, 667 A.2d 1356, 1359 (D.C. 1995). This score is based on several factors, including an inmate's prior convictions, and the age and status of the inmate at the time of the offense. Id. The SFS is assigned a category for degree of parole risk. Id. The risk level is then adjusted upward or downward based on certain pre-incarceration factors, such as whether the inmate's offense involved violence, and post-incarceration factors related to the inmate's institutional adjustment. Id. The adjustments result in a Point Assigned Grid (PAG) score of zero to five. Id. A low score (zero to two) indicates that parole should be granted, while a high score (three to five) indicates that parole should be denied. Id. An examiner may depart from the guidelines for good cause, as long as the examiner specifies the reasons for the departure in writing. Id. at 1361. For subsequent hearings, an examiner begins with the PAG score from the previous hearing and either adds or subtracts points depending on the inmate's behavior. Id. at 1359.

2

II.

Smith is presently incarcerated at United States Penitentiary (USP) – Lee in Jonesville, Virginia. Smith filed this petition for habeas corpus relief pursuant to 28 U.S.C. § 2241 on February 8, 2005. Since Jonesville is located within the Western District of Virginia, Smith's petition is properly before this court.[2] See Rumsfeld v. Padilla, 124 S.Ct. 2711, 2724, 159 L.Ed. 2d 513, 535 (2004) ("Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should file the petition in the district of confinement.").

A.

Smith first alleges that the Commission's decision to depart from the guidelines and deny him parole was improper, because the Commission double counted the violent nature of his offense. Smith contends that the Commission should not have solely based its decision to depart from the guidelines on the violent nature of his offense, since his PAG score already included one point for violence. Impermissible double counting occurs when the same factors used by the Commission to determine an inmate's PAG score are used as a basis for departure from the guidelines. See Floyd v. Reilly, 2002 U.S. Dist. LEXIS 15262, at *9-11 (E.D. Va., Aug. 8, 2002). While the fact that Smith committed a violent offense was used to increase his PAG score by one point, this adjustment did not account for the nature or degree of violence actually involved. As a result, the court concludes that the Commission did not engage in double counting by relying on the aggravating circumstances of Smith's offense to depart from the

---

[2] Smith's petition for a writ of habeas corpus was originally filed in the United States District Court for the District of Columbia. The petition was transferred to this court by order entered February 8, 2005. Smith subsequently filed a motion for reconsideration of the transfer order. Since venue is proper in this court, the motion for reconsideration will be denied.

3

guidelines and deny parole. See Floyd, 2002 U.S. Dist. LEXIS 15262, at *9-11; Mason v. United States Parole Commission, 768 A.2d 591, 592-593 (D.C. 2001).

Smith also argues that the Commission engaged in another form of double counting by relying on the violent nature of his offense to depart from the guidelines in its 2004 decision, since the same factor was used to depart from the guidelines at his initial parole hearing in 1998. However, the court notes that it is not considered double counting for the same factor to be considered at two separate parole hearings. See Hanna v. Bureau of Prisons, 2005 U.S. Dist. LEXIS 9292, at *5 (E.D. Va., April 12, 2005).

B.

In his second claim, Smith asserts that there was no "factual basis" for the Commission's decision to set off his next parole hearing until 2008. Because decisions to grant or deny parole are within the sole discretion of the Commission, the court cannot review such decisions unless they are arbitrary or capricious. Garcia v. Neagle, 660 F.2d 983, 988 (4th Cir. 1981). Since the Commission provided an adequate explanation for its decision and there has been no showing that the decision was arbitrary or capricious, Smith's second claim is without merit.

C.

Smith's third claim alleges that the D.C. Board of Parole failed to hold a timely initial parole hearing. Smith contends that he would have received an initial hearing in 1994, if the Board had not withheld good time credits. To be entitled to habeas corpus relief, Smith must show that he was prejudiced by the delay. See Wilcox v. United States Parole Commission, 810 F. Supp. 186, 188 (N.D. W. Va. 1993). Because Smith was ultimately denied parole at his initial hearing and he has since been denied parole, any delay by the Board has not caused Smith any prejudice.

D.

In his final claim, Smith asserts that the Commission maintains inaccurate information in his personal file, and that he should be entitled to access and correct this information under the Privacy Act, 5 U.S.C. § 552a. Since this claim does not implicate the execution of Smith's sentence, it is not properly brought in a petition for habeas corpus relief under 28 U.S.C. § 2241. Nonetheless, the court notes that the claim is without merit. Pursuant to § 552a(j)(2) of the Privacy Act, the Commission promulgated regulations that exempt its system of inmate records from the Act's access and amendment provisions. See 28 C.F.R. § 16.85. Although the Commission is not exempt from the accuracy requirements set forth in § 552a(e)(5), injunctive relief is not available for violations of that section. See 5 U.S.C. § 552a(g)(1)(c) and (4).

The court also notes that there is no constitutional requirement that an inmate have access to his files. Franklin v. Shields, 569 F.2d 784, 800 (4th Cir. 1978). While the United States Court of Appeals for the Fourth Circuit has held that "in certain limited circumstances," an inmate may have a right "to have prejudicial erroneous information expunged from [his] prison files," the inmate must allege that particular information in his files is false, and that such information was relied upon to a constitutionally significant degree. Paine v. Baker, 595 F.2d 197, 201-203. (4th Cir. 1979). Additionally, an inmate seeking to bring such a claim must first demonstrate that he has requested relief from the relevant authority and that relief has been denied. Id. Since none of these requirements have been met, Smith's petition also fails to state a claim under Paine v. Baker.

III.

For the reasons stated, the court concludes that Smith's petition must be denied. The Clerk is directed to send certified copies of this memorandum opinion and the accompanying

5

order to the petitioner and to all counsel of record.

      ENTER: This __29th__ day of June, 2005.

                                                      /s/ Jackson L. Kiser
                                                  United States District Judge